## Ex parte HILL.

### (District Court, W. D. New York. August 21, 1917.)

### No. 1556.

ALIENS &—46—IMMIGRATION—PERSONS EXCLUDED—COMMISSION OF FELONY.

Under Immigration Act Feb. 5, 1917, § 3, providing for the exclusion from the United States of persons having been convicted of, or admitting the commission of, a felony or other crime or misdemeanor involving moral turpitude prior to entry, a Canadian soldier, who while on leave of absence entered the United States and failed to return at the expiration of his leave, could not be deported, even though he intended to desert when he applied for his furlough, and though the failure to return at the expiration of the furlough made him a deserter ipso facto, as the offense was not committed prior to his entry and the intention was not equivalent to the act itself.

Application by William James Hill for a writ of habeas corpus. Petitioner discharged from custody.

Dilworth M. Silver, of Buffalo, N. Y., for relator.

Walter H. Edson, Asst. U. S. Atty., of Buffalo, N. Y., for respondent.

HAZEL, District Judge. The petitioner, William J. Hill, an Englishman by birth, is detained by order of the Assistant Secretary of Labor, and awaits deportation to Canada under the provisions of an act of Congress approved February 5, 1917, commonly called the Immigration Act. Application for a writ of habeas corpus has been made, on the ground that the warrant of arrest and deportation by the inspector was and is illegal under the provisions of said act.

It appears that at the beginning of the present European war the petitioner was domiciled in Canada and became a volunteer in the Overseas Battalion of the Canadian Expeditionary Force. In July, 1916, he was granted five days' leave of absence by his commanding officer, and during that time he entered the United States at Lewiston, N. Y., a designated port of entry. Since then he has been domiciled at Buffalo with his family and children, and has declared his intention of becoming an American citizen. Nearly a year after coming to this country he was arrested on the warrant in question, the reason

assigned being that when he entered the United States he was a person likely to become a public charge; but this reason for his detention was abandoned, and without objection by the petitioner another reason substituted, to wit, that, his leave of absence from his battalion having expired, he was a deserter and had committed a felony, in violation of the Criminal Code of Canada and the Orders in Council made by the Governor General of Canada.

Section 3 of the Immigration Act provides for the exclusion from the United States of persons having been convicted of, or admitting the commission of, prior to entry, a felony or other crime, or a misdemeanor involving moral turpitude; and accordingly the sole question, regardless of the petitioner's denial, is whether the facts and circumstances warrant the conclusion by the inspector that the petitioner substantially admitted that he had committed a felony prior to his entry in the United States, as specified in the act. Section 19.

It is my opinion that under such provisions petitioner cannot be deported to Canada on the substituted ground, as concededly he has not been convicted of any felony, nor does the evidence show a substantial admission that he had comitted a felony, or an offense involving moral turpitude, before landing in this country.

This is not a proceeding under the extradition laws or treaties. The desertion as a completed offense did not occur until after the expiration of the furlough. No statute or treaty between the United States and England is called to my attention wherein the word "deserter" is defined; but no doubt any enlisted man leaving his regiment or battalion, without the intention of returning thereto, comes within the accepted definition. The offense in this country, I believe, is solely one of military character, punishable only by court-martial, and only a person who procures another to desert is guilty of a violation of the United States statutes.

But, assuming that soldier of the Canadian forces, who receives leave of absence and does not return at the expiration of his furlough, ipso facto becomes a deserter, the petitioner, I am constrained to hold, nevertheless did not become such until after he had been in this country several days, and hence the crime of desertion was not committed prior to entry. He disclaimed having a fixed intention to desert when he applied for his furlough, although his failure to return to his post of duty obviously suggests such an intention; but such an intention is nevertheless not equivalent to the act itself. His disloyalty to his country in deserting in time of war is not within the inhibition of the act, and accordingly relief cannot properly be refused him.

The writ is granted, and the petitioner discharged from custody.